**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Peter UNAKALU, Defendant–Appellant.**

**No. 10–30320.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2011.

Filed Oct. 21, 2011.

Helen J. Brunner, Esquire, Assistant U.S., Thomas Merton Woods, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jason Brett Saunders, Law Offices of Gordon & Saunders, PLLC, Seattle, WA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, PAEZ, Circuit Judge, and BURNS, District Judge.*

**MEMORANDUM****

An inventory search is a "well-defined exception to the warrant requirement of the Fourth Amendment." *Colorado v. Bertine,* 479 U.S. 367, 371, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). Such a search is reasonable so long as officers exercise their discretion "'according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.'" *Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990) (quoting *Bertine,* 479 U.S. at 375, 107 S.Ct. 738). The officers conducted this inventory search after defendant's rental car was impounded and he asked that his belongings be taken for safe-keeping. The officers followed the Seattle Police Department's standard inventory policy, which requires officers to search for contraband, narcotics, explosives, hazardous materials, perishable items, money and weapons. This necessarily involves looking within closed containers, thus making the officers' search of defendant's sealed envelopes rea-

---

* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sonable under the Fourth Amendment. Because we find that the inventory search was reasonable, it is unnecessary to decide whether defendant's consent was valid.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.